# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1059V

| | |
|---|---|
| TERRALEE PATKO,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 23, 2024 |

*Daisy Mazoff*, Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner.

*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 23, 2022, Terralee Patko filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered vasovagal syncope as a result of an influenza vaccine she received on December 10, 2021. Petition, ECF No. 1. On September 6, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 28.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $63,432.22 (representing $61,808.10 in fees, and $ 1,624.12 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed Oct. 6, 2023, ECF No. 32. In accordance with General Order No. 9, Petitioner filed a signed statement representing that she incurred no out-of-pocket expenses. ECF No. 54.

Respondent reacted to the motion on Oct. 10, 2023, noting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 34. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner requests hourly rates for attorneys performing work in this matter as follows:

|  | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|
| Jessica A. Wallace, Esq. | X | X | $275 | $300 |
| Daisy Mazoff, Esq. | X | X | $375 | $389 |
| Paralegals | X | X | $174 | X |
| Gretchen Elgersma, Physician's assistant | X | X | $220 | X |

The requested paralegal rate is reasonable and consistent with prior determinations and will therefore be awarded herein. The 2023 rates requested for Attorneys Wallace and Mazoff, plus PA Elgersma, require adjustment.

Attorney Wallace was previously awarded the rate of $285 per hour, and Attorney Mazoff the rate of $375 per hour, for all time billed in 2023, *less* than what is being requested herein. *See W.R., v. Sec'y of Health & Hum. Servs.,* No. 20-1401, Slip Op, 60 (Fed. Cl. Spec. Mstr. Oct. 23, 2023). Retroactive rate increases are not permitted in the Vaccine Program. *See*, e.g. *Ramirez* v. *Sec'y of Health & Hum. Servs*., No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him."). I find no reason to deviate from these previously established rates, and therefore reduce the 2023 rates to be consistent with *W.R.*

Additionally, the hourly rate requested for PA Elgersma is considered excessive for a non-barred individual, who is also otherwise not acting in this matter as a retained expert. I instead award Ms. Elgersma's the lesser rate of $174 to be consistent with what a paralegal would receive in the Vaccine Program. In future, if time should be billed at this rate for an assistant, it shall be reduced to the appropriate rate of a paralegal. Application of the foregoing reduces the amount of fees to be awarded herein by **$1,496.50.**[3]

---

[3] This amount consists of: ($300 - $285 = $15 x 11.70 hrs) + ($389 - $375 = $14 x 73.00 hrs) + ($220 - $174 = $46 x 6.50) = $1,496.50.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$61,935.72 (representing $60,311.60 in fees, and $ 1,624.12 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Daisy Mazoff.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.